## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **RONALD WAMPLER** ) | |
| *on behalf of himself and others* ) | |
| *similarly situated,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:  22-cv-2242 |
| ) | |
| **WIRECO WORLDWIDE GROUP,** ) | |
| **INC.** ) | |
| ) | |
| Defendant. ) | |

### <u>COMPLAINT</u>
### Collective Action under Fair Labor Standards Act
### Rule 23 Class Action under Missouri's Minimum Wage Law

**COMES NOW**, the Plaintiff Ronald Wampler, on behalf of himself and all others

similarly situated, and brings this action against Defendant Wireco Worldwide, Inc. for

damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.* ("FLSA") and the Missouri Minimum Wage Law ("MMWL"), Mo.Rev.Stat.

§ 290.500 *et seq.*, for failing to pay overtime at one and one-half the regular rate of pay for

all overtime hours worked within a workweek.  Plaintiff's FLSA claims are asserted as a

collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated persons

working as hourly nonexempt manufacturing employees for Defendant at its five

manufacturing facilities located in Missouri, Pennsylvania and Texas.  Plaintiff's MMWL

claims are asserted under Fed.R.Civ.P. 23 on behalf of all similarly situated persons

working as hourly nonexempt manufacturing employees at Defendant's three Missouri

manufacturing facilities.  The following allegations are based on personal knowledge as

to Plaintiff's experiences and are made on information and belief as to the acts and experiences of others similarly situated.

**PARTIES**

1.    Defendant Wireco Worldwide Group, Inc. ("Wireco" or "Defendant") is a Delaware corporation registered and in good standing in the State of Kansas with a registered agent of: The Corporation Company, Inc.; 112 S.W. 7th Street, Suite 3C; Topeka, Kansas 66603.

2.    Defendant is a manufacturer of metal wire.  Its headquarters and principal place of business is 2400 W. 75th Street, Prairie Village, Kansas 66208.  Defendant operates five manufacturing facilities in Chillicothe, Missouri; Kirksville, Missouri; Sedalia, Missouri; Montgomeryville, Pennsylvania; and Rosenberg, Texas.

3.    Defendant is engaged in interstate commerce by, among other things, manufacturing and selling products made at its manufacturing locations.

4.    Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

5.    Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).  Plaintiff, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

6.    Plaintiff, and others similarly situated as alleged herein employed at Defendant's Missouri locations, are "employees" of Defendant within the meaning of the

MMWL, Mo.Rev.Stat. § 290.500(3) and Defendant is an "employer" withing the meaning of § 290.500(4).

7.     Plaintiff Ronald Wampler (hereafter "Plaintiff") resides in Linn County, Missouri.   Plaintiff worked for Defendant as an hourly nonexempt manufacturing employee from February 2018 through June 3, 2022 at its facility located in Chillicothe, Livingston County, Missouri.

8.     Plaintiff and others similarly situated are individuals employed, or previously employed, by Defendant with the primary duties of performing manual manufacturing tasks in the production of Wireco's products and were paid by the hour as nonexempt employees eligible for overtime under the FLSA and MMWL ("hourly nonexempt manufacturing employees").

9.     The hourly nonexmept manufacturing employees at Plaintiff's location and Defendant's other four plant locations were subject to a collective bargaining agreement ("CBA") that at all relevant times did not speically address claims under the FLSA or specifically waive employees' rights under the FLSA.[1]

10.     Defendant is not an "employer" as defined under § 207(b) of the FLSA.

## JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the FLSA.  This Court has personal jurisdiction over the Defendant as its principal

---

[1] *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 729-30, 731 n. 5, 744 (1981) (The Supreme Court found that since the CBA did not expressly require arbitration of FLSA claim, it permitted the claim to be brought in federal court outside the CBA's grievance and arbitration requirements)

place of business is located in Johnosn County, Kansas.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) inasmuch as the Defendant is a "resident" of the District of Kansas as set forth under 28 U.S.C. § 1391(b)(1) because Defendant resides within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13.     As hourly nonexempt manufacturing employees of Defendant, Plaintiff and others similarly situated have the primary duties of performing manual manufacturing tasks in the production of Wireco' products.  This primary duty established the Plaintiff and others similarly situated as being entitled to overtime pay under the FLSA and MMWL (*i.e.*, nonexempt employees under the FLSA and the MMWL).

14.     At its five manufacturing locations, Defendant has a policy and practice requiring all hourly nonexempt manufacturing employees to arrive at their workstation early before each shift (usually 10-15 minutes) to perform work related activities such as, but not limited to: meeting and transitioning with prior shift employees on any issues regarding production, supply, maintenance, and other pre-shift activities to ensure the continued operation of the manufacturing process.  Defendant also has a policy and practice requiring hourly nonexempt manufacturing employees to remain after their shift if necessary to perform work to assist in the transition to the next shift.

15.     On a weekly basis, the Plaintiff and others similarly situated are scheduled and work forty or more hours per workweek.

16.     On a weekly basis, the Defendant has implemented a timekeeping system at all five of its manufacturing locations that illegally rounds away pre and post-shift work time, thereby denying the Plaintiff and others similarly situated overtime pay.  As an example, throughout his employment on a weekly basis, the Plaintiff was expected to arrive at his workstation 10-15 minutes early as described in ¶ 14.  His scheduled shift would start at 3:00 p.m.  In order to meet the Defendant's pre-shift work expectations, Plaintiff would often punch in 10-15 minutes early (*i.e.,* 2:45 p.m – 2:50 p.m.).  Yet, Defendant's timekeeping system would round up this pre-shift work and enter 3:00 p.m.  On the back end of Plaintiff's shift which was scheduled to end at 11:00 p.m., the Plaintiff was often required to stay late to perform additional tasks.  Here, the Defendant's timekeeping system would round down his recorded work time.  As an example, if Plaintiff worked until 11:10 p.m., when he clocked out, Defendant's system would round this down to 11:00 p.m.

17.     Plaintiff, and other similarly situated hourly nonexempt manufacturing employees often worked more than forty hours per workweek.  Therefore, any of the time worked that was rounded away as described in ¶ 16 would represent unpaid overtime at one and one-half rate of their regular rate of pay.

18.     Regarding the allegations asserted in ¶ 16, the Plaintiff observed the other hourly nonexempt manufacturing employees in his respective work areas throughout his employment as being subject to the same policy of requiring pre-shift and post-shift "off the clock" work and thereby denying these persons overtime pay.

19.     The FLSA and MMWL requires covered employers such as Defendant to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.  The Defendant's policy and practice as alleged herein violates the FLSA and the MMWL in that Defendant knowingly allows, permits and/or requires Plaintiff, and others similarly situated, to perform work "off the clock" which in turn denies overtime pay in violation of the FLSA and MMWL.

20.     Defendant's conduct was willful and in bad faith.  Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of the correct overtime compensation for all hours actually worked, and that its policy and practice of requiring pre-shift and post-shift "off the clock" work denied them of such compensation required under the FLSA and MMWL.

21.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by the FLSA and MMWL.

**COUNT I**
**FLSA COLLECTIVE ACTION**

22.     Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

23.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

24.     Plaintiff files this action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b).  The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as hourly nonexempt employees in the manufacturing process for Defendant at its five manufacturing locations within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

25.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the FLSA Collective.

26.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

27.     Plaintiff, and the FLSA Collective, are similarly situated in that are all subject to Defendant's same pay policy and practice of requiring hourly nonexempt manufacturing employees to arrive early and remain late at their workstation before and after each shift to perform work related activities and being subject to Defendant's uniform timekeeping system that rounds away these overtime hours worked.

28.     Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime pay owed.

29.     Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of

their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices and timekeeping system were in violation of these laws.

31.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

32.     The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

   a)   Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)      Judgment against Defendant finding it failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay for all overtime hours worked as required under the FLSA;

c)      Judgment against Defendant for Plaintiff and those similarly situated for damages for unpaid overtime pay;

d)      An amount equal to their damages as liquidated damages;

e)      A finding that Defendant's violations of the FLSA are willful;

f)      All costs and attorneys' fees incurred prosecuting this claim;

g)      An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)      Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)      Leave to amend to add additional state law claims; and

j)      All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS ACTION UNDER MMWL

33.     Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34.     The MMWL requires an employer such as Defendant to pay employees such as Plaintiff, and others similarly situated, one and one-half times their regular rate of pay.  Mo.Rev.Stat. § 290.505.1.

35.     Plaintiff brings his overtime wage claim pursuant to the MMWL as a class action under Federal Rule of Civil Procedure 23, on behalf of the following class:

All persons who worked as hourly nonexempt employees in the manufacturing process for Defendant at its three manufacturing locations

in Missouri within three years prior to the filing of this Complaint (hereafter the "Missouri Overtime Class").

36.     Defendant violated the MMWL by failing to compensate Plaintiff and the Missouri Overtime Class overtime wages due at each pay period for all overtime hours worked as required under the FLSA.

37.     Class action treatment of Plaintiff's MMWL claim is appropriate because, as alleged in paragraphs 38-45, *infra*, all of the class action requisites under Rule 23 are satisfied.

38.     The Missouri Overtime Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

39.     Plaintiff is a member of the Missouri Overtime Class and his MMWL claim is typical of the claims of other Missouri Overtime Class members.  For example, Plaintiff and the Missouri Overtime Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the MMWL when it failed to pay them for all overtime hours worked as required under its common policy and practice of requiring pre and post shift work be performed off the clock, and its timekeeping system aided this policy and practice by rounding away this overtime worked.  Plaintiff has no interests that are antagonistic to or in conflict with the Missouri Overtime Class's interest in obtaining such a judicial finding.

40.     Plaintiff will fairly and adequately represent the interests of the Missouri Overtime Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Missouri Overtime Class.

41.     Questions of law and fact are common to the class.  The Plaintiff and the Missouri Overtime Class have been subjected to the common business practices described in paragraph 39, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Plaintiff and the Missouri Overtime Class worked in excess of forty hours per work week, whether they were paid overtime as required, whether Defendant's timekeeping system rounded away time worked, and whether Defendant had actual or constructive knowledge that Plaintiff and others similarly situated worked more overtime hours than reported on its timekeeping system.  Common questions of law include, *inter alia*, whether Defendant's conduct as alleged herein violated the MMWL for failing to pay all overtime due on each and every pay period as required under the MMWL.

42.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Missouri Overtime Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Missouri Overtime Class members.

43.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 41, *supra*, predominate over any questions affecting only individual Missouri Overtime Class members.  In the absence of class litigation, such common questions of law and fact would

need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

44.     Under the MMWL, Mo.Rev.Stat. § 290.527, Plaintiff and the Missouri Overtime Class are also entitled to their costs and reasonable attorneys' fees and liquidated damages.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Missouri Overtime Class, seek the following relief:

a)     Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Missouri Overtime Class and issuance of notice to said members apprising them of the pendency of this action;

b)     Designation of Ronald Wampler as Representative Plaintiff of the Missouri Overtime Class;

c)     Designation of Brendan J. Donelon of Donelon, P.C. and Gregory N. Tourigny of the Tourigny Law Firm, L.L.C. as the attorneys representing the Missouri Overtime Class;

d)     A declaratory judgment that the practices complained of herein are unlawful under the MMWL;

e)     An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f)     An award of damages for wages due the Plaintiff and Missouri Overtime Class, including liquidated damages allowed under the MMWL to be paid by Defendant;

g)     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h)     Pre-Judgment and Post-Judgment interest, as provided by law; and

i)      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
## RETALIATION UNDER THE FLSA

45.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

46.     Up through June 1, 2022, Plaintiff was required to clock-out on a time keeping system located at or near his workstation and locker room in the Chillicothe, Missouri plant.  On June 1, 2022, Defendant informed Plaintiff that after the end of his shift, and after cleaning up in the locker room, he would now have to walk all the way across the expansive facility and clock out on a time clock located there.  After doing so, Plaintiff would then have to walk all the way back across the plant to exit.

47.     Knowing of Defendant's time clock rounding mechanism, and that this new request would further require more time in the plant after his shift "off the clock," on June 1, 2022, Plaintiff informed his supervisor Kevin Hutchinson that he planned to file a formal grievance for this uncompensated time.

48.     On June 2, 2022, Plaintiff spoke with Anthony Rose—Vice President of Plaintiff's United Steel Workers of America Union, Local 990-1—about and requested a grievance form.  Later that day at or around 3:30 p.m., Plaintiff's supervisor Hutchinson gave Rose a grievance form.  In turn, Rose provided Plaintiff with this form.

49.     On June 2, 2022 at or around 5:30 p.m., Defendant's plant manager Chris Bateman had a conversation with Plaintiff whereby Plaintiff reiterated his complaint

about time clock location and being "off the clock" for this time.  Plaintiff informed Bateman that he was going to continue with his grievance.

50.     On June 3, 2022, when Plaintiff entered the plant to work his shift, Bateman informed him that his employment was terminated for insubordination.  When this occurred, union representative Doug Girres was present, but said nothing.

51.     Under the FLSA, 29 U.S.C. § 215(a)(3), it is illegal to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint."

52.     On both June 1 and 2, 2022, the Plaintiff engaged in protected activity by making a good faith claim that his wage and hour rights were being violated due to "off the clock" work and its relation to the Defendant's time clock rounding scheme.  As a direct and proximate result of exercising this right, the Defendant terminated his employment on June 3, 2022.  Any reason provided by Defendant regarding this termination was pretextual in nature and in relation to its actually retaliatory motive and intent.

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the Plaintiff's rights to make a good faith complaint of an FLSA violation.

54.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of income, benefits and other damages.  Plaintiff is entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

55.     As a direct result of Defendant's retaliatory conduct alleged herein, Plaintiff has suffered damages in the form emotional pain and suffering.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b)     An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practices, policies, and patterns set forth herein;

c)     An award of damages for emotional pain and suffering, wages due the Plaintiff, and liquidated damages allowed under the FLSA to be paid by Defendant;

d)     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e)     Pre-Judgment and Post-Judgment interest, as provided by law; and

f)     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## LOCATION OF TRIAL

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,



/s/ Brendan J. Donelon
Brendan J. Donelon, KS 17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

ATTORNEYS FOR PLAINTIFF

Greg N. Tourigny
**The Tourigny Law Firm LLC.**
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
(816) 945-2861
greg@tourignylaw.com
Ron